UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>          Plaintiff,<br><br>v.<br><br>ADA COMMUNITY LIBRARIES BOARD OF TRUSTEES, MARY DEWALT; Director of Ada Community Libraries, MERIDIAN LIBRARY DISTRICT BOARD OF TRUSTEES, GRETCHEN CASEROTTI; Director of Meridian Library,<br><br>          Defendants. | Case No. 1:20-cv-00589-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. Dkt. 7. Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS Defendants' Motion.

## II. BACKGROUND

On December 28, 2020, Mendez initiated this lawsuit. Dkt. 1. Mendez alleges several claims under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights

Act of 1871, and the Americans with Disabilities Act ("ADA"). Mendez also brings several state law claims, including fraud, constructive fraud, breach of the implied covenant of good faith and fair dealing, and negligent supervision and training. *See* Dkt. 1, at 1–2. Mendez's claims all relate to his use of certain resources at various public libraries in the treasure valley and the restrictions those libraries, and the state, imposed on patrons due to the Covid-19 pandemic. On January 25, 2021, Defendants filed their Motion to Dismiss for failure to state a claim, arguing that "[t]he vast majority of these claims are subject to dismissal because Plaintiff lacks standing" in general, but also that Mendez lacks standing "to challenge Covid-19 restrictions because he does not allege that Defendants have violated any of his cognizable rights." Dkt. 7-1, at 2. Mendez responded to Defendants' Motion (Dkt. 10), and Defendants replied (Dkt. 11). The matter is now ripe for adjudication.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (cleaned up). "This is not an onerous burden."

*Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682 (2009) (cleaned up). In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Id.* at 678. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Additionally, pro se claimants and their complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

Defendants argue the "majority of [Mendez's] claims are subject to dismissal for lack of standing because he has identified no particularized injury in fact." Dkt. 7-1, at 7. Specifically, Defendants assert that any of Mendez's claims arising out of his status as a

MEMORANDUM DECISION AND ORDER - 3

taxpayer or member of the public at large should be dismissed for lack of standing. *Id.* The Court notes Mendez's ADA claim and his Equal Protection/Discrimination claim are not as intrinsically attached to Mendez's status as a taxpayer and, therefore, merit additional analysis, which the Court will undertake in turn.

### A. Taxpayer Claims

"A plaintiff invoking federal jurisdiction bears the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992)). To show an injury in fact, a plaintiff must demonstrate he has suffered the "invasion of a legally protected interest" that is "concrete and particularized," *i.e.*, which "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 555, 560. This injury must be "actual or imminent" and not "conjectural" or "hypothetical." *Id.* The Supreme Court has held that "it is not sufficient that [a plaintiff] has merely a general interest common to all members of the public." *Id.* at 575. In addition, "[i]t has long been established . . . that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007).

In this case, a large majority of Mendez's claim hinge on the fact that he is a taxpayer, and that the public libraries he discusses are "supported by the taxpayer." Dkt. 1, at 25; *see also id.* at 26, 35, 36, 37, 39, 41, 42. Specifically, Mendez places particular

MEMORANDUM DECISION AND ORDER - 4

emphasis on the apparent injury he suffered as a taxpayer (or that the taxpayer in general will suffer) as it relates to his First, Fourth, Fifth, and Fourteenth Amendment claims, in addition to all of his state claims. For example, Mendez asserts that "mandating people [to] support libraries (where there is no accountability) thru [sic] their taxes is a violation of the First Amendment." Dkt. 1, at 36. He argues that "libraries are closing doors to people and depriving them of their liberty for services funded by taxpayers." *Id.* at 25. Mendez asserts several times that "[a]nything that is non-essential by logic should not impose a burden on the taxpayer" and claims this is relevant because libraries—which are non-essential services—have been closed, which Mendez sees as a burden on the taxpayer. *See id.* at 26, 35, 36. He claims several times that the supposed "fraudulent Levy will cost the taxpayer and [sic] additional 14 million dollars." *Id.* at 37, 39, 43.

As Defendants correctly note, these claims do not identify any particularized injury to Mendez, but instead apply equally to all taxpayers within the relevant district. *See* Dkt. 7-1, at 8. Further, Mendez's disagreement with the way Defendants administrate and operate the libraries in question is inappropriate. *See United States v. Richardson*, 418 U.S. 166, 177–78 (1974) (courts are definitively not a "forum for the resolution of political or ideological disputes about the performance of government"). The Court also notes that internet and library usage are not fundamental rights, nor do members of the public have contractual, statutory, or any other legal rights to access those services. Accordingly, the Court finds that the majority of Mendez's claims are subject to dismissal because he has not identified a cognizable injury in fact for which the Court can grant relief and, as a result, lacks standing.

**B. ADA Claim**

Mendez alleges that the libraries in question did not provide a reasonable accommodation to access library services after he claimed he was unable to wear a mask because of his allergies.

In order to bring suit under Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was denied "a reasonable accommodation that [he] needs in order to enjoy meaningful access to the benefits of public services;" and (3) the program providing the benefit receives federal financial assistance. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). To properly show he is a "qualified individual," a plaintiff must demonstrate that he had "a physical or mental impairment" that "substantially limit[ed] one or more . . . major life activities[.]" *Bresaz v. Cty. of Santa Clara*, 136 F. Supp. 3d 1125, 1133 (N.D. Cal. 2015). In addition, a plaintiff must show what "reasonable accommodation" a defendant failed to provide. *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).

Furthermore, in order to successfully recover damages under Title II of the ADA, a plaintiff "must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998) (footnote omitted)). The Ninth Circuit has held that deliberate indifference is the applicable standard to determine whether there was intentional discrimination by a defendant. *Id.*

In this case, Mendez's ADA claim falls short for several reasons. First, having

allergies is not generally considered a disability[1] under the ADA, which defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Although unclear, Mendez's claim appears to be based on the first prong ("actually disabled") of this definition. Mendez failed to identify any particular disability or limitation in a major life area and makes no showing his allergies "substantially limit" a major life activity. Second, Mendez plainly failed to identify what reasonable precautions Defendants failed to take. Third, Mendez makes no mention of deliberate indifference and does not otherwise attempt to show Defendants intentionally discriminated against him based on any disability. Accordingly, Mendez's ADA claim is without merit and must be dismissed.

### C. Equal Protection/Discrimination Claim

Mendez asserts the libraries violated the Equal Protection Clause of the Fourteenth Amendment because their policies allow "those who can wear masks [to] get the paltry 30 minutes while those who can't are denied services." Dkt. 1, at 31. Mendez does not assert he was discriminated against on the basis of his race or any other protected class, which is required to properly bring a claim under the Equal Protection Clause. *See Washington v. Davis,* 426 U.S. 229, 239–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Mendez does mention he is Latino but does not even attempt to demonstrate how his rights to equal protection

---

[1] *See, e.g., Wren v. Midwestern State Univ.*, No. 7:18-CV-00060-O-BP, 2019 WL 3099408, at *9 (N.D. Tex. June 25, 2019) (because allergies rarely limit a major life activity to the degree necessary under the ADA, they rarely qualify as a disability).

were violated based on that factor. Accordingly, Mendez's Equal Protection/Discrimination claims fail.

### D. Other Arguments

In his response brief, Mendez makes several assertions to counter Defendants' Motion. First, Mendez claims that a motion to dismiss under rule 12(b)(6) is improper when applied to pro se complaints, arguing that *Twombly* and *Iqbal* do not apply to pro se parties. Dkt. 10, at 3–5. This is demonstrably false—both *Twombly* and *Iqbal* clearly apply to pro se parties. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*"). Thus, while the Court construes Mendez's filings liberally as a pro se party, *Twombly* and *Iqbal*—and their applicable standards—nevertheless, still apply.

Second, Mendez argues that "Defendants have made admissions and waived rights under FRCP 8(b)." *Id.* at 5. However, as Defendants correctly note, defendants may properly utilize a motion to dismiss for failure to state a claim instead of filing an answer and expressly pleading the defense. *See* Dkt. 11, at 3 (citing *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149 (E.D. Cal. 2010).

Next, Mendez presents several claims in defense of his opposition to Defendants' Motion, including one that Defendants' attorneys have somehow acted frivolously by filing a Motion to Dismiss. The Court finds that none of Mendez's additional claims contained in his Response (Dkt. 10) have merit and will not discuss them further.

### E. State Law Claims

By granting Defendants' Motion to Dismiss Mendez's federal claims, the Court only has pendant—or supplemental—jurisdiction over Mendez's remaining state law claims. In its discretion, the Court declines to exercise this jurisdiction. Idaho state court is the better forum for Mendez's state law claims. Consequently, these claims are dismissed without prejudice as well.

### V. ORDER

The Court HEREBY ORDERS:

1. Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED**.

2. Pursuant to Ninth Circuit precedent, Mendez may seek leave to amend his Complaint. In the event Mendez does so, he must concurrently file both a Motion to Amend, and a redlined Amended Complaint, showing the changes he has made to his Complaint, within thirty (30) days of the date of this Order. In the absence of such filing, the claims will be dismissed with prejudice and this case will be closed. If Mendez files a Motion for Leave to Amend, Defendants will have opportunity to respond.

DATED: June 11, 2021

David C. Nye
Chief U.S. District Court Judge